# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA L.,[1]<br><br>    Plaintiff,<br><br>  v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[2]<br><br>    Defendant. | Case No. 5:25-cv-987-PD<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING AGENCY DECISION** |

  Plaintiff challenges the denial of her application for Social Security Disability Insurance Benefits. For the reasons stated below, the decision of the Administrative Law Judge is reversed, and the Court remands this matter for further proceedings consistent with the Order.

---

[1]Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the United States Judicial Conference.

[2] Frank Bisignano is the current Commissioner of Social Security and is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

## I.      Pertinent Procedural History and Disputed Issues

On September 17, 2020, Plaintiff protectively filed an application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), alleging disability beginning January 18, 2020.  *See* Administrative Record ("AR") 181-82.[3]  Plaintiff's application was denied administratively on December 15, 2020, and upon reconsideration on March 1, 2021.  *See* AR 76, 91.  Plaintiff requested a hearing, which was held on July 28, 2021, before an Administrative Law Judge ("ALJ").  *See* AR 35-63.  Plaintiff appeared without counsel, and the ALJ heard testimony from Plaintiff and a vocational expert.  *See id.*  On August 12, 2021, the ALJ issued a decision finding that Plaintiff had not been under a disability as defined by the SSA, from January 18, 2020, through the date of the decision.  *See* AR 23-31.  The Appeals Council denied Plaintiff's request for review on August 15, 2022, rendering the ALJ's decision the final decision of the Commissioner. *See* AR 1-5.

On September 22, 2022, Plaintiff filed an appeal in this Court.  *See Marina L. v. Kijakazi*, No. 5:22-cv-01668-MWF-JEM (C.D. Cal. Sept. 22, 2022), Dkt. 1. Pursuant to a stipulation between the parties, *see id.*, Dkt. No. 14, the Court remanded the matter for further proceedings consistent with the terms of the parties' stipulation, *see id.*, Dkt. No. 15.

On remand, the ALJ conducted a second hearing, at which Plaintiff was represented by counsel.  *See* AR 718-34.  The ALJ heard testimony from Plaintiff and a vocational expert.  *See id.*  On November 17, 2023, the ALJ issued a decision finding that Plaintiff had not been under a disability as

---

[3] Citations to the AR are to the record pagination.  For all other docket citations, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

defined by the SSA, from January 18, 2020, through the date of the decision. *See* AR 699-711.

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation as stated by Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA through June 30, 2025, and had not engaged in substantial gainful activity since her alleged onset date, January 18, 2020. *See* AR 702.

At step two, the ALJ found that Plaintiff had the following severe impairments: "obesity, right carpal tunnel syndrome status post-surgery, systemic lupus erythematosus, fibromyalgia, cognitive disorder, mood disorder, and anxiety disorder (20 CFR 404.1520(c))." *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526). *See* AR 703.

Before proceeding to step four, the ALJ found Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work with the following limitations:

> [She] is capable of occasionally lifting and carrying 10 pounds and less than 10 pounds frequently; she can sit without restrictions, but she is limited to standing or walking four hours in an eight-hour workday; she can occasionally stoop, kneel, crouch, and climb ramps and stairs; she can never balance, crawl, or climb ladders, ropes, or scaffolds; she can never reach above shoulder level with the right upper extremity; she can frequently push, pull, handle, and finger with the right upper extremity; she can never work in extreme cold, at unprotected heights, or around fast

3

> moving heavy machinery; and she can understand, remember, and carry out simple, routine tasks.

AR 705.[4]  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  *See* AR 709.  At step five, based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy: document preparer, escort vehicle driver, and addresser.  *See* AR 710. Thus, the ALJ found that Plaintiff was not disabled.  *See* AR 711.  On February 24, 2025, the Appeals Council denied review of the ALJ's decision.  *See* AR 684-86.

On April 23, 2025, Plaintiff initiated this appeal of the ALJ's decision. *See* Dkt. No. 1.  She raises the following two issues:

(1) whether the ALJ properly evaluated Plaintiff's subjective-symptom testimony; and

(2) whether the ALJ properly rejected the opinion of Plaintiff's treating rheumatologist.

Dkt. No. 11 at 4-15.

## II.    Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits.  A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979

---

[4] The regulations define sedentary work as follows:

> [W]ork involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

F.3d 751, 755 (9th Cir. 2020) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (same).

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[5]

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

## III.    Discussion

### A.    The ALJ Erred in Evaluating the Opinion of Plaintiff's Treating Rheumatologist

Plaintiff contends that the ALJ erred in rejecting the opinion of Jean Huynh, PA-C, her treating rheumatologist. *See* Dkt. No. 10 at 12-15. For the reasons explained below, the Court agrees.

---

[5] Although statements in unpublished Ninth Circuit opinions "may prove useful [] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used . . . as the pivotal basis for a legal ruling by a district court").

### 1.   Pertinent Background

Beginning in September 2015, Ms. Huynh, a certified physician assistant at the Arthritis Center of Riverside, began treating Plaintiff for her systemic lupus erythematosus ("SLE") and related pain and symptoms. *See* AR 271-521, 954. In November 2021 – after the ALJ had issued his initial decision but before the case was remanded – Ms. Huynh chronicled Plaintiff's various physical impairments and opined that her resulting symptoms would, among other things, make it difficult for her "to stand/sit/walk for prolonged periods of time" or to "carry/push/pull over 10 pounds of weight." AR 954. Ms. Huynh also opined that Plaintiff's impairments, which included not only SLE but also fibromyalgia and carpal tunnel syndrome, would "make an 8 hour work day difficult for her." *Id.* Ms. Huynh offered to field any "question[s] or concerns" regarding her opinion. *Id.*

Before the ALJ issued his initial decision concerning Plaintiff's claim for disability benefits, two state-agency physicians reviewed Plaintiff's medical records and concluded, among other things, that Plaintiff could occasionally lift, carry, and pull or pull 20 pounds and frequently lift, carry, and pull or pull 10 pounds. *See* AR 69, 84. The state-agency physicians further found that Plaintiff could sit, stand, and walk for six hours in an eight-hour workday. *See* AR 70, 84. Both state-agency physicians stated that a consultative examination concerning Plaintiff's physical impairments and limitations was not required. *See* AR 66, 81. After the case was remanded, a third state-agency physician reviewed Plaintiff's medical records and reached the same conclusions. *See* AR 785-86.

### 2.   The ALJ's Decision

As noted above, the ALJ found, among other things, that Plaintiff had the RFC to occasionally "lift[] and carry[] 10 pounds and less than 10 pounds frequently" and to "sit without restrictions" but could stand or walk for only

four hours in an eight-hour workday. AR 705. In formulating Plaintiff's RFC, the ALJ found that the three state-agency physicians' opinions were "minimally persuasive" because their conclusions were "inconsistent with the record as a whole."[6] AR 708. The ALJ found persuasive Ms. Huynh's opinion that Plaintiff could carry, push, or pull no more than 10 pounds because it was "consistent with the record as a whole." *Id.* By contrast, the ALJ rejected Ms. Huynh's finding limiting Plaintiff's ability to sit, stand, or walk because Ms. Huynh failed to adequately define the meaning of "prolonged periods of time." AR 709. The ALJ likewise rejected Ms. Huynh's finding concerning the difficulty Plaintiff would face in completing an eight-hour workday, explaining that Ms. Huynh's opinion in that regard was "vague in that it d[id] not set forth limitations in vocational terms that coincide[d]" with her opinion. AR 708.

### 3. Applicable Law

At step four of the five-step process, the ALJ must determine the claimant's RFC, which measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The RFC is a determination of "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). Although the RFC assessment is ultimately the ALJ's responsibility, it must be supported by substantial evidence. *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The ALJ must "set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

---

[6] To the extent the ALJ found that the state-agency physicians' opinions had any persuasive value, he did not indicate which aspect of those opinions he found persuasive. *See* AR 708.

The Social Security Administration regulations for claims filed on or after March 27, 2017 apply here. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 2017 WL 168819, at *5844-45 (Jan. 18, 2017). Under those regulations, special deference is no longer given to the opinions of treating and examining physicians on account of their relationship with a claimant, and an ALJ's "decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from [a claimant's] medical sources.").

The applicable regulations require an ALJ to consider and evaluate the persuasiveness of all medical opinions and prior administrative medical findings from medical sources. *See* 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). In determining how "persuasive" these opinions and findings are, the ALJ must consider the following factors: supportability, consistency, relationship with claimant, specialization, and other factors that support or contradict the medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). "Supportability" and "consistency" are the paramount factors, and, therefore, the ALJ is required to explain how both factors were considered when evaluating the persuasiveness of medical opinions. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (citing 20 C.F.R. § 404.1520c(c)(1)); 20 C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); 20 C.F.R.

§ 416.920c(c)(2). Although the ALJ must articulate how he considered supportability and consistency, he need not explain the remaining factors unless he is deciding among differing yet equally persuasive opinions or findings on the same issue. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b); *Woods*, 32 F.4th at 792. As with RFC findings, the ALJ's evaluation of a medical opinion – including his articulation of how he considered the supportability and consistency factors – must be supported by substantial evidence. *See Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023); *see also Titus L. S. v. Saul*, No. No. 2:20-cv-04825-AFM, 2021 WL 275927, at *7 (C.D. Cal. Jan. 26, 2021) (ALJ must address how he considered consistency and supportability factors in sufficient detail to allow reviewing court to conduct meaningful review of whether that reasoning is supported by substantial evidence).

### 4.    Analysis

The ALJ erred in rejecting Ms. Huynh's opinion concerning Plaintiff's limited ability to sit, stand, and walk for prolonged periods of time.[7] In evaluating that aspect of Ms. Huynh's opinion, the ALJ did not discuss whether it was supported by objective medical evidence. Indeed, in rejecting Ms. Huynh's opinion about Plaintiff's ability to sit, stand, and walk, the ALJ

---

[7] Plaintiff also faults the ALJ for rejecting Ms. Huynh's opinion that an eight-hour work day would be difficult for Plaintiff. *See* Dkt. No. 10 at 15. However, the ALJ was not required to credit Ms. Huynh's determination concerning the ultimate question of Plaintiff's RFC. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c). Rather, the ALJ was required to properly consider and resolve conflicts in the medical evidence concerning Plaintiff's work-related restrictions and functions. *See Alexander V. v. Bisignano*, No. 2:24-CV-9765-AJR, 2025 WL 2208053, at *4 (C.D. Cal. Aug. 4, 2025). Accordingly, the relevant inquiry is not whether the ALJ adopted Ms. Huynh's ultimate assessment of Plaintiff's ability to sustain full-time work: it is, instead, whether the ALJ properly evaluated the functional limitations as set forth in the medical evidence.

9

failed to identify any evidence supporting it or undermining it.  The ALJ's failure to do so is noteworthy considering that Ms. Huynh treated Plaintiff from September 2015, *see* AR 271-521, 954, until at least July 2023, *see* AR 947-1048.  And to the extent the ALJ's evaluation of Ms. Huynh's opinion alluded to the medical evidence in the record, the ALJ found that it supported Ms. Huynh's opinions, at least insofar as Ms. Huynh's opinion that Plaintiff could not carry, push, or pull more than 10 pounds.  *See* AR 708.

Similarly, the ALJ identified no competent evidence that was inconsistent with Ms. Huynh's opinion concerning Plaintiff's limited ability to sit, stand, and walk for prolonged periods of time.  The only opinions the ALJ identified as arguably inconsistent with Ms. Huynh's opinion were those of the state-agency physicians, who concluded that Plaintiff could sit, stand, and walk for six hours during an eight-hour workday.  *See* AR 69, 84, 786.  Those opinions, however, do not support the ALJ's rejection of Ms. Huynh's findings because the ALJ ultimately found the state-agency physicians' opinions unpersuasive and did not cite on them as competent evidence contradicting Ms. Huynh's opinion.  *See* AR 708.

Moreover, the fact that Ms. Huynh did not specifically define the amount of time that Plaintiff could sit, stand, and walk in an eight-hour day did not provide a legitimate reason to reject her opinion.  To be sure, as the ALJ noted, Ms. Huynh stated only that Plaintiff could not sit, stand, and walk for "prolonged periods of time," AR 954, and as such, that aspect of her opinion was ambiguous.  But under the facts of this case, that ambiguity triggered the ALJ's duty to develop the record concerning Plaintiff's ability to sit, stand, and walk.  An ALJ in Social Security cases has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The duty arises whenever there is ambiguous evidence or when the

10

record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the ALJ's duty to develop the record was triggered for two reasons. First, Ms. Huynh's opinion was ambiguous in that it unequivocally limited Plaintiff's ability to sit, stand, and walk but failed to state precisely how long Plaintiff could perform any of those activities. Nothing prevented the ALJ from seeking clarification from Ms. Huynh. To the contrary, Ms. Huynh welcomed any "question[s] or concerns" regarding her opinion. AR 954. Given that fact, the ALJ should have attempted to obtain a more precise statement from Ms. Huynh before simply rejecting it. *See Max O. v. Comm'r of Soc. Sec.*, No. 3:20-CV-06210-BAT, 2021 WL 3260353, at *3 (W.D. Wash. July 30, 2021) (ALJ should have clarified ambiguity regarding treating physician's finding that claimant was "moderately limited and c[ould] perform only light work" and other portion of opinion in which physician circled "mild" rather than "tossing the entire assessment out"). Second, the record was inadequate to allow the ALJ to properly evaluate Ms. Huynh's assessed limitations on Plaintiff's ability to sit, stand, and walk. The ALJ did not have a consultative physician examine Plaintiff.[8] *See* AR 66, 81. The only other medical opinions in the record concerning Plaintiff's physical functional limitations were those of the state-agency physicians. *See* AR 708; *see also* AR 63-73, 77-87. But the ALJ rejected those opinions because they were inconsistent with the medical evidence in the record. *See* AR 708. Consequently, according to the ALJ, there was no competent evidence concerning Plaintiff's ability to sit, stand, or walk. As such, the ALJ should have developed the record on that issue before making definitive findings

---

[8] The ALJ had Plaintiff undergo a consultative examination concerning her mental impairments and resulting functional limitations, *see* AR 1066-69, but did not have her undergo a consultative examination concerning her physical impairments and resulting functional limitations.

concerning Plaintiff's ability to perform those activities.

Finally, the ALJ's error was not harmless. Considering that Ms. Huynh found that Plaintiff could not sit, stand, or walk for prolonged periods of time, her opinion was directly at odds with the ALJ's finding that Plaintiff could sit "without restrictions" and may have been at odds with the ALJ's findings that Plaintiff could stand and walk for four hours in an eight-hour day. AR 705. As noted above, the ALJ rejected the only other medical opinions in the record concerning Plaintiff's physical capabilities. *See* AR 708-09. Notwithstanding that fact, the ALJ found that Plaintiff could "sit without restrictions," AR 705 – a finding that was at odds with not only Ms. Huynh's opinion, *see* AR 954, but also with the state-agency physicians' opinions, *see* AR 70 (state-agency physician opining that Plaintiff could sit only six hours in eight-hour workday), AR 84 (same), AR 786 (same) – and the ALJ found that Plaintiff could stand and walk for four hours in an eight-hour workday, *see* AR 705. No medical opinion in the record that the ALJ credited supported those findings, and the ALJ cited no other medical evidence in the record (nor has the Court been able to identify any medical evidence in the record) that supports them. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *Javier A. G. v. Saul*, 2020 WL 6940042, at \*9 (C.D. Cal. Nov. 25, 2020) ("[A]n ALJ may not substitute his or her lay interpretation of raw medical data in making an RFC assessment in lieu of a qualified expert's medical opinion."). As such, a proper consideration of Ms. Huynh's opinion may have altered the ALJ's RFC finding.

### B.    Remaining Issue and Remedy

Plaintiff also contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate her

12

subjective-symptom testimony. *See* Dkt. No. 10 at 4-12. Because the Court concludes that this case be remanded on an open record, the Court declines to address Plaintiff's other claim of error. *Google LLC v. Oracle America, Inc.*, 591 U.S. 1, 20 (2021) (appellate courts "should not answer more than is necessary to resolve the parties' dispute" on appeal); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (declining to address issues not relevant to decision to remand case); *Lambert*, 980 F.3d at 1278 ("We have no occasion to reach Lambert's other assignments of error, as the record may change on remand.").

## IV.    Order

For all of the foregoing reasons, IT IS ORDERED that (1) the Decision of the ALJ is REVERSED and this matter REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and (2) Judgment be entered in favor of Plaintiff.

IT IS SO ORDERED.

Dated:  July 6, 2026

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

13